UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. MOLINA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. VU DINH,<br><br>　　　　　　　　　　Defendants. | Case No.: 21CV1593-BTM(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[EFC No. 36] |

　　　　On March 16, 2023, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel. ECF No. 36; see also ECF No. 5 (order granting motion to proceed in *forma pauperis*). In support of his motion, Plaintiff alleges that counsel should be appointed because: (1) he is unable to afford an attorney; (2) his imprisonment limits his ability to litigate since he has limited access to the law library and limited knowledge of the law; (3) his case is complex; (4) a lawyer would be better equipped to present evidence and cross examine witnesses at trial where there will likely be conflicting testimony; (5) he is unable to contact certain witnesses employed at a different institution; and (6) the lawyer would be able to communicate with opposing counsel more easily. ECF No. 36 at 1-3. This is Plaintiff's second motion for appointment of counsel. ECF No. 16; see also ECF No. 18 (order denying motion to

appoint counsel for failing to allege exceptional circumstances). Having considered Plaintiff's motion and the applicable law, the motion is **DENIED** for the reasons set forth below.

## LEGAL STANDARD

As Plaintiff is aware from the Court's previous order, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. Williams v. Navarro, 2021 WL 634752, at *2 (S.D. Cal. Feb. 17, 2021). This includes civil rights litigation involving excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims. See Goldstein v. Flament, 167 Fed. Appx. 678, 680-81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances); see also Miller v. McDaniel, 124 Fed. Appx. 488, 489-90 (9th Cir. 2005) (upholding denial of appointment of counsel for pro se prisoner where Fourteenth Amendment right to informational privacy and Eighth Amendment right to be free from cruel and unusual punishment claims did not demonstrate exceptional circumstances and plaintiff had the ability to articulate his claims).

## DISCUSSION

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a complaint [ECF No. 1], a motion to proceed *in forma pauperis* [ECF No. 2], a response in opposition to

1 | Defendant's motion to dismiss [ECF No. 10], and his first motion to appoint counsel [ECF No.
2 | 16]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate his
3 | claims and arguments.
4 |       While Plaintiff did not address his likelihood of success, there is no indication that the
5 | issues are overly complex. In his complaint, Plaintiff alleges a single cause of action for cruel
6 | and unusual punishment. See EFC No. 1 at 3, 5. The Court has reviewed the complaint, and it
7 | establishes that Plaintiff's claims are "relatively straightforward" and similar to many cases that
8 | have been considered by this Court. Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir.
9 | 2015). The claims and issues are not complex and Plaintiff's demonstrated ability to articulate
10 | his arguments establish that this case is not an "exceptional" one warranting the appointment
11 | of counsel at this stage. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb.
12 | 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional
13 | circumstances, as these are the types of difficulties many other litigants face in proceeding pro
14 | se); see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the
15 | complexity of the relevant issues was a demonstration of the need for development of further
16 | facts, practically all cases would involve complex issues."); LaMere v. Risley, 827 F.2d 622, 626
17 | (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where
18 | pleadings demonstrated petitioner had "a good understanding of the issues and the ability to
19 | present forcefully and coherently his contentions").
20 |       Further, Plaintiff's claims of limited access to the law library, limited legal knowledge,
21 | difficulty communicating with opposing counsel, and inability to obtain testimony and conduct
22 | depositions "are typical of almost every pro se prisoner civil rights plaintiff and alone" are
23 | insufficient to satisfy the "exceptional circumstance" standard. See Thompson v. Paramo, 2018
24 | WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018); see also Faultry v. Saechao, 2020 WL 2561596,
25 | at *2 (E.D. Cal. May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such
26 | as lack of legal education and limited law library access, do not establish exceptional
27 | circumstances supporting appointment of counsel"); see also Snowden v. Yule, 2020 WL
28 | 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library

and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); Jones v. Kuppinger, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); and Morris v. Barr, No. 10-CV-2642-AJB BGS, 2011 WL 3859711, at *3 (S.D. Cal. Aug. 31, 2011) (finding "the potential need for experts, and [plaintiff's] ability to obtain discovery and conduct depositions are not exceptional circumstances warranting the appointment of counsel").

In addition, Plaintiff argues that he would be better equipped, with counsel, to present evidence and cross examine witnesses at trial where there is potential for conflicting testimony. ECF No. 36 at 2. This concern does not present an exceptional circumstance warranting appointment of counsel at this time. Discovery remains ongoing and Plaintiff's claims have not yet survived summary judgment. See Leon v. Celaya, 2021 WL 533514, at *4 (S.D. Cal. Feb. 12, 2021) (citing Miller v. LaMontagne, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012) (noting a plaintiff's concerns regarding trial did not present an exceptional circumstance warranting appointment of counsel because the case had not yet survived summary judgment)). As such, Plaintiff has not established that there are "exceptional circumstances" or that the issues in this case are particularly complex and the Court declines to appoint counsel at this time.

Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: 3/24/2023

Hon. Barbara L. Major
United States Magistrate Judge