UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. MOLINA,<br>CDCR #BI-9892,<br><br>                          Plaintiff,<br><br>          vs.<br><br>Dr. VU DINH,<br><br>                        Defendant. | Case No.:  3:21-cv-01593-BTM-BLM<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

Plaintiff Andrew S. Molina, a prisoner proceeding without counsel, first initiated this civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in September 2021.  (*See* Compl., ECF No. 1.)  Molina alleges Defendant Dr. Vu Dinh, a surgeon at El Centro Regional Medical Center, acted with deliberate indifference to his serious medical needs in late April 2021 by refusing to surgically remove and replace an inguinal hernia mesh.  (Id. at 3–4.)

## I.      PROCEDURAL HISTORY

On July 29, 2024, the Court denied Dinh's Second Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, finding genuine disputes of material fact exist with respect to Dinh's initial refusal to perform surgery on April 29, 2021, and his failure to revisit Molina's course of treatment after the surgery was cancelled.

(*See* ECF No. 65, at 8–10.)  The Court further found a genuine dispute both as to whether Dinh was acting under color of state law at the time, and as to whether Molina was entitled to punitive damages.  (*Id.* at 11–15.)  During a September 19, 2024 Pretrial Conference, the Court advised the parties of its intent to refer the case to its Pro Bono Panel in order to seek potential pro bono representation for Molina as authorized by S.D. Cal. General Order 596.  (*See* ECF No. 69.)

## II.    APPOINTMENT OF COUNSEL

There is no right to counsel in a civil action, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981).  However, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Molina's prior motions requesting the appointment of counsel were denied because like most litigants, he failed to meet the exceptional circumstances requirement at the pre-summary judgment stage of his case.  (*See* ECF Nos. 18, 38, 52.)  *See also Hearn v. RJD Warden*, No. 22-CV-255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when a pro se plaintiff's allegations "remain unproven … [a]t th[e] early stage of the proceedings, there is no basis upon which the Court can predict [his] success at trial."); *Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").

And while Molina has since demonstrated both an ability to articulate his

claims and to survive summary judgment while proceeding without the assistance of trained counsel, the likelihood of success on the merits increased as a result of the Court's July 29, 2024 summary judgment ruling.  *Cf. Garcia v. Smith*, No. 10-cv-1187 AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether any of Plaintiff's causes of action [would] survive summary judgment.").

For these reasons, on September 19, 2024, and in light of the impending trial, the Court elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and its Plan for the Representation of Pro se Litigants in Civil Cases as adopted by S.D. Cal. General Order 596.  The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied."  *See* S.D. Cal. Gen. Order 596.  Therefore, because the ends of justice would be served by the appointment of pro bono counsel under the circumstances, and an available Pro Bono Panel volunteer attorney has since graciously agreed to represent Molina pro bono during the course of all further proceedings held before this Court in this case, the Court *sua sponte* reconsiders Molina's previous motions requesting the appointment of counsel and grants those requests pursuant to S.D. Cal. Gen. Order 596.

### III.   CONCLUSION

For the reasons discussed, the Court **APPOINTS** Alex Coolman, SBN 250911, of the Law Office of Alex Coolman, 3268 Governor Drive #390, San Diego, California, 92122-2902, as Pro Bono Counsel for Plaintiff Andrew S. Molina.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within twenty-one (21) days of this Order, if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff Molina and his newly appointed counsel.  This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for

Plaintiff Molina for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*.  *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

The Court further **DIRECTS** the Clerk of the Court to forward Mr. Coolman a copy of this Order upon entry in CM/ECF to alex@coolmanlaw.com and to also serve him with a copy via U.S. Mail at the address listed above upon filing.  *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated:  September 30, 2024

_____
Hon. Barry Ted Moskowitz
United States District Judge

---

[1]   Molina is cautioned that the Court's Pro Bono Panel is a precious and limited resource.  The fact that the Court has found this case suitable for appointment at this stage of the proceedings and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case.  Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment.  *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right").

3:21-cv-01593-BTM-BLM